UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>      Petitioner,<br><br>      v.<br><br>SAMANTHA PERRYMAN,<br><br>      Respondent. | Case No.: 1:14-cv-00959-JLT<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

      Petitioner is a civil detainee proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 27, 2014, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 4).

**PROCEDURAL HISTORY**

      The instant petition was filed on June 19, 2014. Petitioner alleges that he is a civil detainee, serving an indeterminate commitment in the Coalinga State Hospital, Coalinga, California, pursuant to California's Sexually Violent Predator Act ("SVPA"), codified in California Welfare and Institutions Code § 6600 et seq. Along with the indeterminate term, California law requires the Department of Mental Health ("DMH") to file an annual report on whether the committed person still meets the definition of an SVP or whether conditional or unconditional release of the person is warranted. Cal. Welf. & Inst. Code § 6605(a). If the DMH determines that conditional or unconditional release is

warranted and the State contests that determination, the State must prove beyond a reasonable doubt that the person still meets the definition of a sexually violent predator. § 6605(b)-(d). If, on the other hand, the DMH determines that the person still meets the definition of an SVP, the person may petition the court to be released. § 6608(a). In such a case, the person bears the burden to prove by a preponderance of the evidence that he is no longer an SVP. § 6608(i).

In this case, however, Petitioner does not challenge either the original finding that he is an SVP or any subsequent proceedings regarding his status as an SVP or his ongoing, indeterminate commitment. Instead, Petitioner contends that staff at Coalinga wrongfully disclosed to other inmates the types of medications Petitioner is taking, thus subjecting him to being a target of those inmates who wish to obtain his medications.[1] Petitioner also contends that staff at the state hospital are racially discriminating against him in some unspecified way. Finally, Petitioner makes a vague allegation that the conditions of his confinement are "designed to punish" him. (Doc. 1, pp. 4-5).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's

---

[1] The Court takes judicial notice of its own docket and files. In doing so, the Court notes that Petitioner has filed, within the space of one week, four separate habeas corpus petitions regarding the conditions of his commitment at the Coalinga State Hospital. The Court also notes that, since his original commitment, Petitioner has filed no less than 42 other civil rights and habeas corpus cases in this district.
**Petitioner is admonished that the continued filing of frivolous matters may result in him being determined to be a vexatious litigant. If this occurs, Petitioner could be precluded from proceeding in forma pauperis in any action unless and until there is a determination the filed matter is not frivolous. This would require the prepayment of court fees.**

sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the fact or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that hospital staff disclosed to other inmates the types of medication Petitioner is taking, racially discriminated[2] against him, and that the conditions of confinement are penal. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's current commitment. Based on the foregoing, Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a

---

[2] The Court is aware that Petitioner is Caucasian. Thus, exactly how he believes he has suffered actionable discrimination is unclear.

>warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>>(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>>(B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1), is **DISMISSED** for lack of habeas jurisdiction;

2. The Clerk of the Court is **DIRECTED** to enter judgment and close the file; and,

///

///

///

3. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 3, 2014**                              **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE